Matter of MBA Wine Consultants Servs. LLC v ELIA (2019 NY Slip Op 05615)





Matter of MBA Wine Consultants Servs. LLC v ELIA


2019 NY Slip Op 05615


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527659

[*1]In the Matter of MBA WINE CONSULTANTS SERVICES LLC, Doing Business as MBA WINE CONSULTANTS, Petitioner,
v
MaryEllen ELIA, as Commissioner of Education, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Rutkin & Wolf PLLC, White Plains (Jason M. Wolf of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate Nepveu of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Aarons, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding, among other things, that petitioner had offered training without a license at an unapproved facility.
Petitioner is a limited liability company that offered courses and certification programs related to central sterile processing for surgical units. In December 2015, the Department of Education issued an order to show cause alleging, among other things, that petitioner, by offering training courses, was operating a private career school without a license. Respondent subsequently designated a Hearing Officer to conduct a hearing on the matter. Following a hearing, the Hearing Officer issued a report and found that petitioner offered training, as well as test preparation. Accordingly, the Hearing Officer recommended that petitioner be found guilty of two of the five charged specifications. After considering briefs submitted by the parties, respondent adopted the Hearing Officer's recommendation finding petitioner guilty of two of the charged specifications, but also found that the evidence was sufficient to sustain another specification. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Petitioner thereafter filed an amended petition, and Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]). We confirm.
A private career school is "any entity offering to instruct or teach any subject by any plan or method including written, visual or audio-visual methods" (Education Law § 5001 [1] [a]). As a general matter, any private school that charges tuition or fees related to instruction must be licensed by the Department of Education (see Education Law § 5001 [1]; 8 NYCRR 126.10 [a]). A private career school must also have its facility approved by respondent (see 8 NYCRR 126.5 [e]). A private career school is exempt from the licensing requirements if, as relevant here, the [*2]instruction being provided is preparation for a licensing examination (see Education Law § 5001 [2] [i]).
Petitioner's sole argument is that it exclusively offered a test preparation course and, therefore, was exempt from the licensing requirements. We disagree. A former professor who reviewed curricula for licensed schools testified that a student applying for a test preparation course would already be familiar with the subject matter being taught and would not learn anything new in such course. The professor testified that petitioner's course outline did not inquire about prior knowledge of a prospective student, which was necessary for a test preparation course. The professor stated that a mere test preparation school needed to ask applicants about their prior knowledge in the subject matter and concluded that, if applicants were not being asked such question, it implied that the school offered more than mere test preparation because students had to be taught a particular subject matter.
An investigative operative with the Department of Education testified that, as part of an undercover investigation, she sent an email to petitioner inquiring about a program offered by it and that, in the response back, there was no mention of test preparation. The operative stated that she then went to one of petitioner's locations to follow up on her inquiry and she was not asked about her prior experience or background. The operative was given brochures and a business card, which stated that petitioner was an expert in training and certifications and did not mention anything about test preparation. She was also advised that she would be taught how to sterilize equipment used for hospitals and that she would receive a certificate.
One student who completed petitioner's course testified that he was not asked whether he had prior experience before he took one of petitioner's courses. Another student testified that he took one of petitioner's courses to get certified, not for test preparation purposes. A senior investigator with the Department of Education testified that he visited one of petitioner's locations and saw posters advertising the services offered. Although the posters mentioned various training programs, they did not say anything about test preparation. The investigator also stated that, based on other advertising brochures, which were admitted into evidence, petitioner was representing that it offered training programs and that there was nothing to indicate that petitioner exclusively did test preparation.
The Hearing Officer found that "[petitioner] offered training as well as test preparation courses. As [petitioner] possessed no license, the training was offered at a facility that had not been approved by [respondent]." Respondent likewise concluded that sufficient proof was offered demonstrating that petitioner offered training courses. Given that substantial evidence supports respondent's determination, we will not disturb it, notwithstanding the fact that the record contains evidence that would support a contrary result (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 179-180 [1978]).
Clark, J.P., Mulvey, Devine and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and amended petition dismissed.